**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

STEVE S. BADER,
ADC #96787                                                                                          PLAINTIFF

V.                              NO. 1:15-CV-00018 KGB/BD

RUSH, et al.                                                                                         DEFENDANTS

**RECOMMENDED DISPOSITION**

**I.   Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.   Discussion:**

Steve S. Bader, an Arkansas Department of Correction ("ADC") inmate housed at the North Central Unit, filed this lawsuit pro se under 42 U.S.C. § 1983. (Docket entry #1) Mr. Bader originally filed this lawsuit in the Western District of Arkansas, but it has been properly transferred to the Eastern District of Arkansas. (#4)

In his original complaint, Mr. Bader alleged that four ADC officials unlawfully confiscated his legal materials. Mr. Bader failed to allege, however, that he had suffered any "actual injury" as a result. An actual injury is necessary if he is to move forward on an access-to-the-courts claim. In addition, although Mr. Bader mentioned retaliation in his complaint, he did not specifically identify any retaliatory conduct by any of the named Defendants.

Because of these deficiencies in the complaint, the Court gave Mr. Bader an opportunity to amend his complaint. Mr. Bader has now filed an amended complaint, as well as a brief in support, and two motions for summary judgment. (#9, #10, #11, #12) Even after liberally interpreting Mr. Bader's complaints, though, the Court must recommend that his claims be DISMISSED.

An allegation that prison officials impeded access to the courts, standing alone, does not rise to the level of a constitutional violation. This cause of action requires a showing that a defendant kept the prisoner from litigating a claim and, by this misconduct, caused the prisoner to suffer an actual injury. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). To show an actual injury, the prisoner must show that a non-frivolous legal claim was "frustrated or . . . impeded." *Id*. Here, Mr. Bader has not alleged any actual injury to support this constitutional claim. He states that he needs his trial transcripts, as well as his life skills and anger management certificates, to proceed

with his clemency proceedings, but he does not allege that he was denied parole or clemency as a result of the Defendants' conduct.

Mr. Bader also alleges that the Defendants failed to provide him with a confiscation form, in violation of ADC policy. Assuming this is true, this allegation falls short of stating a constitutional claim for relief. The law is settled that an official's failure to follow prison policies or procedures is not conduct that rises to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). Accordingly, this claim also fails.

Furthermore, when a state actor unlawfully deprives an individual of personal property, there is no relief available under § 1983, so long as state law provides an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 536, 104 S.Ct. 3194 (1984). Arkansas has a remedy for the loss of personal property through its Claims Commission, so there is no federal remedy available to Mr. Bader for his loss of personal property.

Last, Mr. Bader fails to provide sufficient facts to support a retaliation claim. To state a retaliation claim, a prisoner must allege that: he engaged in constitutionally protected activity; defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and retaliation was the actual motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels*

*v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).  Here, Mr. Bader has not alleged any facts to support a retaliation claim.

## III.  Conclusion:

The Court recommends that Mr. Bader's claims be DISMISSED, without prejudice.  In addition, his motions for summary judgment (#9, #10) should be DENIED, as moot.

DATED this 19th day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE